CITY OF COLORADO SPRINGS, a
municipal corporation, Plaintiff,

v.

Roosevelt MACK and Julie Mae Mack,
Defendants and
Cross-Claimants-Appellees,

and

Central Mortgage & Investment
Company, Defendant and
Cross-Defendant-Appellant.

No. 81CA0204.

Colorado Court of Appeals,
Div. I.

Dec. 31, 1981.

Duitch, Duitch & Gerig, Kevin W. Major,
Colorado Springs, for defendants and cross-
claimants-appellees.

Donald E. La Mora, Colorado Springs, for
defendant and cross-defendant-appellant.

ENOCH, Chief Judge.

Central Mortgage & Investment Compa-
ny, mortgagee, seeks reversal of the trial
court's judgment for $300 entered against it
in an action for unjust enrichment. We
affirm.

Mortgagee was the beneficiary under a
deed of trust securing a loan assumed by
the Macks (mortgagors). The City of Colo-
rado Springs commenced condemnation pro-
ceedings against the property which was
the subject of the deed of trust and service
was made on both the mortgagor and the
mortgagee on April 4, 1979. Mortgagors
filed an answer on their own behalf on
April 10, 1979. Mortgagee filed its own
answer on April 20, 1979, asserting its inter-
est in the property and requesting a first
lien on the condemnation proceeds for
$5,768.63, the unpaid balance on the loan.

Mortgagors entered into an agreement
for the city to take immediate possession
and for the city to deposit $9,000 into the
registry of the court. The court dispersed
90% of these proceeds pursuant to the
agreement by issuing a check payable joint-
ly to all the parties. The mortgagee re-
quired the mortgagors to sign the check in
its office, so it could handle the distribution
of funds. After retaining the full amount
of the debt and $300 to cover its attorney
fees, the surplus was remitted to mortga-
gors.

Mortgagors claimed that the $300 for attorney fees should not have been retained, and brought this suit for conversion, or unjust enrichment. The trial court agreed and on the basis of unjust enrichment entered judgment in favor of mortgagors for $300.

The issue is whether, under the terms of the deed of trust, mortgagors were obligated, although not specifically required under the terms of the instrument, as part of their duty to defend mortgagee's interests, to enter an appearance on its behalf. We conclude that their obligation under the deed of trust did not extend that far.

Under the terms of the deed of trust mortgagors warranted that they held full title to the property, and it further provided that:

> "for the quiet and peaceable possession of the trustee, against all and every person or persons lawfully claiming or to claim whole or any part thereof, the grantor shall and will Warrant and Forever defend."

This language imposed upon mortgagors the obligation to enter an appearance and defend against the condemnation action. They fulfilled this obligation and obtained an award in excess of the unpaid balance on the loan. They were not required to do more. The obligation to defend title does not by implication impose an additional duty to enter appearance on behalf of mortgagee or pay attorney fees. *See Burt v. Craig*, 146 Colo. 173, 360 P.2d 976 (1971). The parties could have agreed to impose additional duties on mortgagors; however, they did not do so under the terms of this trust agreement. Therefore, mortgagors were not required to enter an appearance for mortgagee and cannot be required to pay the legal fees associated with its appearance.

We have considered the other issues raised and find them to be without merit.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.